## SUPERIOR COURT.

### FEBRUARY 15, 1837.

### CORAM OAKLEY, J.

---

WILLIAM PHILLIPS *against* SENECA STEWART and ISAAC S. HONE.

Where a limited partnership has been properly created under the statute, it is incorrect to join the limited or special partner with the general partner, in an action on a partnership obligation.   The limited partner is not a party to such contract.

ASSUMPSIT on several promissory notes, signed by the defendant, Seneca Stewart.

The plaintiff declared on these notes in the common form against partners, viz. that the defendants were partners, under the name, style and firm of "Seneca Stewart," and as such, made the notes in question.   Having proved the signature of Stewart, he produced various papers from the county clerk's office, filed pursuant to the statute, authorizing the creation of limited partnership, from which it appeared that the other defendant, Isaac S. Hone, was a special partner, having entered into a limited partnership with the defendant, Stewart, who was the general partner, and that, as such special partner, he had contributed $30,000 to the funds of the partnership.

22

Phillips v. Stewart and Hone.

The plaintiff also proved that the notes in question were given for goods purchased for the benefit of said concern.

Mr. *Anthon*, for the defendants, insisted that the action was improperly brought; that the special partner could not be impleaded in this way; that this was not his contract as charged in the declaration.

*Cowles* and *White*, *e contra*, contended that there was no other way to reach the funds of the special partner. That we had taken the idea of limited partnerships from the French law, and had omitted to carry out the remedies.

OAKLEY, J. The special partner has no power to make contracts in relation to the partnership. Such interference would, according to the statute, make him immediately a general partner. The fund, when paid in by the special partner, belongs to the general partner. This is, therefore, not the contract of the special partner, as charged in the declaration. You must bring your action against the general partner, and, upon the execution on a judgment against him, seize the entire partnership property in his hands, and so reach the funds of the special partner.

The judge was about to non-suit the plaintiff, but he prayed that the point might be reserved, as it was a new statute; to this the judge assented. The plaintiff, however, afterwards discontinued his suit. *Vide* 1 R. S. 764, secs. 3, 14; *Madison County Bank* v. *Gould*, 5 Hill, 310.